UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSALLE LEROY NETTLES,

    Petitioner,

v.

CASE NO. 17-11549
HONORABLE NANCY G. EDMUNDS

CARMEN PALMER,

    Respondent.
_____/

## ORDER DISMISSING THE HABEAS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Cassalle Leroy Nettles has filed a habeas corpus petition under 28 U.S.C. § 2254. The petition challenges Petitioner's Oakland County convictions for first-degree murder, armed robbery, and two firearm offenses. Petitioner's ground for relief alleges that prejudicial evidence concerning other acts was admitted against him at trial. The Court has determined that this claim is procedurally defaulted. Therefore, the petition will be dismissed.

### I. Background

The charges against Petitioner arose from the fatal shooting of Duraid Lossia during a robbery at a party store in Farmington Hills, Michigan. At Petitioner's jury trial in Oakland County Circuit Court,

> [t]he prosecution presented substantial evidence, including [Petitioner's] own statement, that placed [him] in the store at the time of the robbery. Indeed, the timeline evidence established by testimony from customers who observed [Petitioner] and were in the store either shortly before and shortly after the shooting, and the electronic evidence of the times of their purchases, supported an inference that [Petitioner] was the only person in the store at that time. While no gun was recovered, the police did recover

> a holster at [Petitioner's] home. Although [Petitioner] told the police that he just happened to be in the store at the time other assailants entered the store and robbed and shot the owner, no one else was seen by other customers, or caught on camera, during the narrow timeframe the robbery could have been committed. . . . The prosecution also presented evidence that [Petitioner] had parked his vehicle at a distant location from the store and then walked to the store, which is inconsistent with his purported reason for being there. In addition, the clothing [Petitioner] wore into the store at the time of the incident disappeared, [his] story changed several times during his police interview, and the prosecution presented evidence that [Petitioner] had attempted to establish a false alibi.

*People v. Nettles*, No. 324408, 2016 WL 1125931, at *2 (Mich. Ct. App. Mar. 22, 2016).

The jury found Petitioner guilty of first-degree (felony) murder, Mich. Comp. Laws § 750.316(1)(b), armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and three counts of felony firearm, Mich. Comp. Laws § 750.227b. On October 20, 2014, the trial court sentenced Petitioner as a habitual offender to concurrent terms of life imprisonment for the murder, thirty-seven to sixty years for the armed robbery, and seventy-six months to fifty years for being a felon in possession of a firearm. The court sentenced Petitioner to a consecutive sentence of two years in prison for the felony-firearm convictions.

In an appeal as of right, Petitioner raised claims regarding the sufficiency of the evidence adduced at trial, the admission of "other acts" evidence, the prosecutor's closing argument, and trial counsel's failure to object to the prosecutor's conduct. The Michigan Court of Appeals found no merit in Petitioner's claims and affirmed his convictions in an unpublished, *per curiam* decision on March 22, 2016. *See Nettles*, 2016 WL 1125931. Petitioner did not seek further review of his convictions in state

court, and, under Michigan Court R. 7.305(C)(2), he had only fifty-six days, or until May 17, 2016, to file an application for leave to appeal in the Michigan Supreme Court.

On May 15, 2017, Petitioner filed his habeas corpus petition through counsel. His sole ground for relief is that the admission of minimally probative, but exceedingly prejudicial, "other acts" evidence deprived him of a fair trial.

On June 21, 2017, the Court ordered Petitioner to show cause why his petition should not be dismissed on the basis that his ground for relief is unexhausted or procedurally defaulted. In a response to the Court's order, Petitioner argues that his claim is not procedurally defaulted and that his petition should not be dismissed for failure to exhaust state remedies because he raised his claim in the Michigan Court of Appeals and has no state remedy left to seek.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, prisoners must fairly present the factual and legal basis for each of their claims to the state court of appeals and to the state supreme court before raising the

claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

Petitioner admits that he did not seek leave to appeal his convictions in the Michigan Supreme Court. *See* Pet. for Writ of Habeas Corpus, ECF No. 1, ¶¶ 9(g) and 10. Therefore, he has not exhausted state remedies for his claim by raising the claim in both the Michigan Court of Appeals and the Michigan Supreme Court.

The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition," *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982), and, as noted above, Petitioner missed the deadline for filing an application for leave to appeal in the Michigan Supreme Court. Therefore, his claim must be treated as exhausted, but procedurally defaulted, unless he can demonstrate cause and prejudice for the default. *Gray v. Netherland,* 518 U.S. 152, 161-62 (1996). As explained in *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995),

> If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Coleman v. Thompson*, 501 U.S. 722, 750–51, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

*Id*. at 1195–96. "[T]o establish cause, a habeas corpus petitioner must show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

4

In the alternative, a petitioner must "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.' " *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Carrier*, 477 U.S. at 496). "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner argues that his claim is not procedurally defaulted because there is no constitutional right to counsel in the Michigan Supreme Court, because he did not have the resources to obtain counsel in the Michigan Supreme Court, and because review is totally discretionary in the Michigan Supreme Court. He contends that he should not be punished for being indigent and unable to secure counsel to file an application for leave to appeal in the state supreme court. Response to Order to Show Cause, ECF No. 3.

Petitioner's pro se status before the state supreme court "is insufficient to establish cause to excuse his procedural default." *Bonilla*, 370 F.3d at 498 (citing *Hannah*, 49 F.3d at 1197); *see also Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) (concluding that the prisoner's pro se status and educational background were not sufficient cause for failing to pursue state-court remedies). Indigence and a lack of funds also are not "cause" for a procedural default. *Caldwell v. Bell*, 9 F. App'x 472, 482 (6th Cir. 2001). And even though review is discretionary in the Michigan Supreme Court, Mich. Ct. R. 7.303(B)(1), Petitioner was not precluded from seeking review in the

5

state supreme court. He could have completed an application for leave to appeal and supported the application with the brief that he used in the Michigan Court of Appeals.

The Court concludes that Petitioner has failed to establish "cause" for his procedural default. And because "both cause and prejudice must be shown to excuse a procedural default, the failure to establish cause eliminates the need to consider prejudice." *Bonilla*, 370 F.3d at 497 (citing *Carrier,* 477 U.S. at 494-95).

Furthermore, Petitioner has not submitted any new and reliable evidence demonstrating that he is actually innocent of the crimes for which he is incarcerated. Therefore, a miscarriage of justice will not occur as a result of the Court's failure to consider the merits of Petitioner's claim. *Welch v. Burke*, 49 F. Supp.2d 992, 1007 (E.D. Mich. 1999).

### III.  Conclusion and Order

Petitioner's claim is procedurally defaulted, and he has not shown cause to excuse the error. He also is not entitled to review of his claim under the "miscarriage of justice" exception to the procedural-default rule. The Court therefore dismisses the habeas corpus petition (ECF No. 1) because the sole ground for relief is procedurally defaulted. This case is hereby closed.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Reasonable jurists could not debate the Court's resolution of Petitioner's claim, nor conclude that the issue deserves encouragement to proceed further. The Court therefore declines to issue a certificate of appealability.

s/ Nancy G. Edmunds<br>
NANCY G. EDMUNDS<br>
UNITED STATES DISTRICT JUDGE

Dated:  10/17/17

## CERTIFICATION

I hereby certify that a copy of this Order and Judgment was mailed to counsel and/or parties of record on this 17th day of October, 2017 by regular mail and/or CM/ECF.

s/ Carol J Bethel<br>
Case Manager